UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| JOHN L. DISMORE a/k/a | ) |
| JOHN LAUREL DISMORE, | ) Case No. 6:03-bk-08056-ABB |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |
| CARLA P. MUSSELMAN, Trustee | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Adv. Pro. No 6:04-ap-00131 |
| | ) |
| LOIS J. DISMORE | ) |
| JOHN L. DISMORE a/k/a | ) |
| JOHN LAUREL DISMORE and | ) |
| BANK OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter came on Plaintiff's, Carla P. Musselman ("Trustee"), Complaint to Avoid and Recover Fraudulent Transfers pursuant to 11 U.S.C. §§ 544(a), 544(b), 551 and § 726 of the Florida Statutes. An injunction was issued on July 30, 2004 immobilizing a $35,000 Certificate of Deposit at Bank of America. A Final Evidentiary Hearing was held on October 7, 2004. The following Findings of Fact and Conclusions of Law are made after reviewing the evidence.

## **FINDINGS OF FACT**

Debtor, John L. Dismore, and his wife, Laurel Dismore, resided in Indiana until 1999 when they moved to Florida. The Dismores are elderly. Mrs. Dismore works part-time for health insurance. Mr. Dismore is retired; he received health insurance from a business he ran with his son, Scott County Machine and Tool, Inc. ("Scott Tool").

The Dismores owned their Indiana home as tenants by the entirety until it was sold in February 2000 for $75,748.28. The Dismores delivered the check to NationsBank (now Bank of America) in Florida to purchase a Certificate of Deposit ("CD") in both their names. The CD was tenancy by the entireties property.

Mr. Dismore's son switched Scott Tool's health coverage to another carrier in 2000. The new insurance carrier did not include doctors in Florida. Mr. Dismore became concerned about paying for medical expenses. He was concerned about being unable to negotiate the money in the CD if necessary to pay for his medical care.

Mr. Dismore released his interest in the CD in August 2000. The CD was originally held in both of their names. Both the Dismores transferred ("Transfer") the CD to Mrs. Dismore. This Transfer resulted in the CD being held solely in the name of Mrs. Dismore.

The intent was to allow Mrs. Dismore access to funds to cover medical expenses if Mr. Dismore became incapacitated. An intent to defraud creditors was not established. Mr. Dismore filed Chapter 7 in July 2003. Trustee filed this adversary proceeding against Debtor, Mrs. Dismore and Bank of America seeking the avoidance and recovery of the Transfer.

## CONCLUSIONS OF LAW

A transfer by a debtor is fraudulent pursuant to Florida Statute § 726.105 (1)(a) if the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor of the debtor."

Disposition of exempt property does not establish an intent to defraud creditors since creditors do not have a claim against the exempt property originally.[1] An intent to defraud creditors cannot be established when a debtor converts exempt property to non exempt property.

The Dismores' CD was exempt property. The CD was purchased with $75,000 in proceeds from the sale of their Indiana home. The Indiana homestead property is tenancy by the entirety ("TBE") property.[2] TBE property is not divisible on behalf of one spouse alone. The creditors of one spouse may not attach TBE property.[3] Mr. Dismore's creditors did not have a claim against the CD prior to the transfer.

Mr. Dismore's release of his interest to his wife extinguished the TBE status of the CD. Debtor's transfer converted an exempt asset to a non exempt asset; an intent to defraud creditors was not established.

---

[1] In re Short, 188 B.R. 857 (Bankr. M.D. Fla. 1995); In re Agnew, 818 F.2d 1284, 1287 (7th Cir. 1987).
[2] See Beal Bank, SSB v. Almand and Associates, 780 S.2d 45 (Fla., 2001).
[3] Beal Bank, 780 S.2d at 53; In re Mizrahi, 179 B.R. 322, 327 (M.D. Fla. 1995); In re Delson, 247 B.R. 873, 876 (S.D. Fla. 2000).

Accordingly, Plaintiff's Complaint for avoidance and recovery of transfers pursuant to 11 U.S.C. §§ 544(a), 544(b), 551 and Florida Statute § 726 is **DENIED**.

Dated this 4th day of January 2005.

ARTHUR B. BRISKMAN
United States Bankruptcy Court